IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES O. DAVIS,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     CASE NO. 1:09-CV-406-WKW [WO]
                                         )
CDA, INCORPORATED,                       )
                                         )
            Defendant.                   )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant CDA, Incorporated's ("CDA") motion to join as a Defendant the United States Secretary of the Army or, in the alternative, to dismiss under Rule 12(b)(7) of the Federal Rules of Civil Procedure.  (Doc. # 12.)  For the following reasons, CDA's motion is due to be denied.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of each.

## II.  BACKGROUND

Plaintiff James O. Davis ("Davis") brings this action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA").  (Compl.

(Doc. # 1).)  Davis alleges that CDA discriminated against him on the basis of his disability, age, and sex by refusing to accommodate him in the administration of a physical fitness test, while treating similarly situated individuals differently.  The Complaint alleges the following facts.

Davis is a sixty-nine-year-old retired United States Army National Guardsman with almost thirty-three years of military service.  (Compl. ¶¶ 5, 7.)  In 1965, while serving in the Army, Davis injured his knee, resulting in the removal of his right patella.  (Compl. ¶ 9.)  He also currently suffers from "chronic and recurrent back pain."  (Compl. ¶ 9.)

Davis began his employment with CDA as a security guard in June 2000.  (Compl. ¶ 10.)  As a security guard, Davis was required to complete an annual physical fitness test. (Compl. ¶ 10.)  Davis was promoted to the position of Supervisory Guard in August 2001, and was informed that he would no longer be required to take the physical fitness test. (Compl. ¶ 11.)

In 2003, CDA contracted with the United States Army ("Army") to provide armed security personnel to guard and protect Fort Rucker, Alabama.  (Def.'s Br. 2 (Doc. # 13).) On September 5, 2007, CDA informed Davis that he would be required to take the Physical Agility Test ("PAT"), a three-part test described in the contract between the Army and CDA ("contract").  (Doc. # 13, Ex. A.)  Davis was told that he would be required to take the PAT on or before October 31, 2007, and that if he did not pass the test, his employment would be

terminated with CDA.  (Compl. ¶ 13.)  He had last performed a physical fitness test for CDA in May 2000, when he was a security guard.  (Compl. ¶ 12.)

While preparing for the PAT in September 2007, Davis re-injured his knee and back. (Compl. ¶ 14.)  He subsequently obtained a physician's note advising that he not put stress on his knee or back.  (Compl. ¶ 14.)  CDA informed Davis that he would still be required to take the test.  (Compl. ¶ 14.)

While female guards under the age of forty were permitted to use modified (knee) pushups when completing the PAT (Compl. ¶ 21), CDA refused to allow Davis to use a modified test and gave him a failing evaluation.  (Compl. ¶¶ 15, 16.)  Davis was suspended from October 31, 2007, until November 14, 2007.  (Compl. ¶ 18.)  Upon his return on November 14, Davis reported to the test site with a physician's note concerning his disability, but was informed that he would not be able to take the test.  (Compl. ¶ 19.)  Davis was terminated on November 16, 2007 (Compl. ¶ 20), and brought suit on May 9, 2009, after having completed all administrative prerequisites.

### III.  STANDARD

Rule 19 of the Federal Rules of Civil Procedure delineates a two-part test for determining whether a party is indispensable. *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).  "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if

feasible." *Id.*  Under sub-part (a), a person "who is subject to service of process and whose

joinder will not deprive the court of subject-matter jurisdiction must be joined if"

> (A)    in that person's absence, the court cannot accord complete relief among
>        existing parties; or
>
> (B)    that person claims an interest relating to the subject of the action and is
>        so situated that disposing of the action in the person's absence may:
>
>> (i)    as a practical matter impair or impede the person's ability to
>>        protect the interest; or
>>
>> (ii)   leave an existing party subject to a substantial risk of incurring
>>        double, multiple, or otherwise inconsistent obligations because
>>        of the interest.

Fed. R. Civ. P. 19(a).  In analyzing whether a party should be joined if feasible, *i.e.*, whether

a party is "necessary," "'pragmatic concerns, especially the effect on the parties and the

litigation,' control." *Challenge Homes, Inc.*, 669 F.2d at 669 (quoting *Smith v. State Farm

Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980)).

If, after applying the factors of Rule 19(a), the court finds that the party "should be

joined but cannot be (because, for example, joinder would divest the court of jurisdiction),

then the court must inquire whether, applying the factors enumerated in Rule 19(b), the

litigation may continue." *Id.*  The factors in Rule 19(b) are as follows:

> (1)    the extent to which a judgment rendered in the person's absence might
>        prejudice that person or the existing parties;
>
> (2)    the extent to which any prejudice could be lessened or avoided by: (A)
>        protective provisions in the judgment; (B) shaping the relief; or (C)
>        other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

A party is labeled "indispensable" only if, after completing the analysis under Rule 19(a) and (b), the court finds that the party is necessary to the litigation, that the party cannot be joined to the litigation, and that the litigation cannot proceed without that party. *Challenge Homes, Inc.*, 669 F.2d at 669 n.3 ("[T]he term 'indispensable party' is merely a conclusion arrived at after completing the analysis in Rule 19."). The movant bears the burden of establishing that a party is necessary or indispensable under Rule 19. *See BFI Waste Sys. of N. Am., Inc., v. Broward County, Fla.*, 209 F.R.D. 509, 514 (S.D. Fla. 2002).

## IV. DISCUSSION

CDA contends that the Army is a necessary party to the instant litigation because, in requiring Davis to undergo the unmodified physical performance test, it simply acted pursuant to a contractual term mandated by the Army. In other words, CDA maintains that the Army "set and enforced" the medical and physical requirements that Davis claims are discriminatory. CDA's arguments are unavailing for the following reasons.

In its motion for joinder, CDA does not address the factors of Rule 19(a); instead, it simply states that "[w]ithout the Secretary of the Army's presence in the lawsuit, complete relief cannot be afforded among the current parties and the Secretary of the Army, as well,

will be prejudiced." (Def.'s Br. 7 (Doc. # 13).) CDA provides no support for its contention

that complete relief cannot be afforded among the parties, and merely stating a conclusion

will not suffice to meet its burden in establishing that the Army is a necessary party.

However, CDA does argue, in connection with its analysis of the Rule 19(b) factors, that "a

judgment invalidating the PAT in the U.S. Army's absence would prejudice" the Army and

its national security interests. (Def.'s Br. 8.) Thus, CDA appears to contend that the Army

"claims an interest relating to the subject of the action" and that proceeding in its absence

would "impair or impede" the Army's "ability to protect th[at] interest." Fed. R. Civ. P.

19(a)(1)(B).[1]

Proceeding on this assumption, the court finds that CDA has nonetheless failed to

meet its burden. This suit is between an employee and his employer. It is undisputed that

the Army was not Davis's employer at the time of the alleged discriminatory conduct. (*See*

Doc. # 13, Ex. A, § C.1.2.1 ("All Contractor personnel shall be employees of the Contractor

at all times and not employees of the US Government.")). Davis does not allege that the

Army engaged in any discriminatory conduct.

Moreover, this case concerns the alleged discriminatory application and/or

administration of the PAT; nowhere does Davis claim that the PAT itself is discriminatory.

The complaint alleges that Davis was promoted to a supervisory position in 2001, that CDA

and the Army entered into the contract at issue in 2003, and that Davis was required to take

---

[1] To the extent CDA raises entirely new arguments in its reply brief, the court does not address
those arguments here.

the PAT in 2007.  In its motion for joinder or to dismiss, CDA does not dispute that Davis was not required to take the PAT from 2003 to 2007.  Nor has CDA disputed that other employees were allowed to use a modified test.  Furthermore, there may be an issue as to whether the PAT applies to supervisors at all under the contract.[2]  Thus, the dispute concerns only whether CDA applied and/or administered the PAT in a discriminatory manner to this particular employee.  Proceeding in the Army's absence would not "as a practical matter impair or impede [its] ability to protect [its] interest" in the PAT.  Fed. R. Civ. P. 19(a)(1)(B); *see generally Equal Employment Opportunity Comm'n v. Akal Sec., Inc.*, No. 08-1274, 2009 WL 2356154 (D. Kan. July 29, 2009).

## V.  CONCLUSION

For the foregoing reasons, the court finds that on this record, at this stage in the litigation (before the completion of discovery), CDA has not met its burden of demonstrating that the Army is a necessary or indispensable party.  Accordingly, it is ORDERED that CDA's  motion to join the United States under Rule 19 or, in the alternative, to dismiss for failure to join an indispensable party under Rule 12(b)(7), is DENIED.[3]

---

[2] The contract states that "Contractor personnel . . . . [s]hall be able to pass the medical, physical, and mental requirements outlined in C.1.7."  (Doc. # 13, Ex. A, § C.1.2.2.)  Section C.1.7.2 states that "[e]ach tentative selectee for assignment to contract *security guard duties* shall demonstrate his physical ability during a Preassignment entry-level physical agility test.  The Contractor shall ensure annual recertification on the physical agility test."  (Doc. # 13, Ex. A, § C.1.7.2 (emphasis added).)  It is undisputed that Davis was a supervisor, not a security guard.

[3] In his response brief, Davis moves, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, for a continuance on "any ruling on Defendant's Motion to Dismiss."  However, CDA's motion to dismiss was brought under Rule 12(b)(7) of the Federal Rules of Civil Procedure, not 12(b)(6).  The proponent of a 12(b)(7) motion can satisfy its burden "by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence."  *Citizen Band Potawatomi*

DONE this 10th day of February, 2010.

　　　　　　　　　　　/s/   W.  Keith Watkins
　　　　　　　　　　UNITED STATES DISTRICT JUDGE

*Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (internal quotation marks omitted). Such evidence does not transform a Rule 12(b)(7) motion into one for summary judgment under Rule 56(c).  Therefore, Davis's motion to continue is DENIED.